Burket, J.
The answer of Leon H. Houston set up his mortgage, but did not ask its foreclosure, and he did not elect to enforce his option to have the principal note become due and payable by reason of the nonpayment of the interest note for eighty-eight dollars, and the other interest notes as well as the principal were not yet due.
Upon this state of facts was the demurrer properly sustained? Or in other words, had the probate •court jurisdiction to adjudicate as to the rights and liabilities of Mrs. Brock? She has a life estate in the land and her son has an estate in remainder in the same land. Her estate is separate and independent of his. It is not a right in the land like unassigned dower, but is an estate by itself. Her estate must end before his can begin as an estate in possession. While his estate is vested, the beneficial interest as an estate in possession must await the extinction of her •estate. The two estates are to be enjoyed, not at the same time, but in succession, hers first, his afterward-. His estate passed by his deed of assignment to his assignee, to be administered under the jurisdiction and orders of the probate court. Her estate remained in herself, subject to the mortgage lien upon it in favor of Mr. Houston. Her estate is not a lien on *300 his; neither is his a lien on hers. As between the assignee and Mrs. Brock, there is no question in regard to the title to her life estate requiring a settlement. Her title is conceded beyond question to be that of a life estate, nothing more, nothing less. A decree of a court is therefore not required to settle any question as to her estate. No wife or widow of the assignor has any dower estate in her life estate. Her life estate is not to be sold by the assignee under the deed of assignment, and it was not contracted to be sold by the assignor prior to the assignment.
It is therefore clear that her life estate is not included either in the words or spirit of section 6351, Revised Statutes. So much of that section as affects, this question is as folows:
“The probate court shall order the payment of all incumbrances and liens upon any of the property sold, or rights and credits collected, out of the proceeds, thereof, according to priority.
“Provided, that the assignee may, in all cases, where the real estate to be sold, or which may have been contracted to be sold by the assignor prior to the assignment, is incumbered with liens, or where any questions in regard to the title, or the dower estate of' the wife or widow of the assignor, require a decree to settle the same, commence a civil action therefor in the common pleas court or probate court of the proper county, making all persons in interest, including the Avife or widow of the assignor, parties to such proceedings ;
“And upon hearing, the court shall order a sale of the premises, of the completion of the contracts of' sale made by the assignor, the payment of the incumbrances and the contingent dower interest of the wife or widow, subject to the proviso hereinafter con *301 tained, and determine the question involved in regard to the title of same;
“And the proceeds of all the real estate so sold, after payment of heirs and incumbrances, and the- contingent dower rights and interest of such wife or widow-, as ordered by such court shall be reported to the probate court by the assignee, and disposed of as provided in this chapter.”
The question as to the jurisdiction of the probate court in this case, under this section, is the same as if she had a life estate in one tract of land and her son had an estate in remainder in another, and both bad joined in a mortgage on both estates, and the son .had afterwrard made an assignment for the benefit of creditors. In such a case it could not reasonably be -claimed that the assignee could, by petition in the probate court, force a sale of her life estate. The confusion in this case has arisen by failing to realize that the life estate is independent of the estate in remainder, as much so as if the life estate and estate in remainder wrere in two different tracts.
It is argued by counsel for defendants in error that if the probate court has no jurisdiction to order a sale of her life estate under said section 6351, jurisdiction is conferred by the special act of April 27, 1896, 92 O. L., 665, conferring jurisdiction on the probate court of Payette county concurrent with the court of common pleas “in all actions (1) for the partition of real property, and (2) for the sale of real or personal property under a mortgage, lien or other incumbrance, with the same jurisdiction as the court of common pleas to determine all questions, whether legal or equitable that may arise in reference to said property.”
*302 Remembering that the controversy under the-amended petition, and the amendment thereto in this case is between the assignee and Mrs. Brock, and not. between Mr. Houston, the mortgagee and Mrs. Brock, it, must be clear that the action of the assignee against-Mrs. Brock is not for the sale of her real estate under a mortgage, a lien, or other incumbrance, because he has no mortgage, no lien, and no other incumbranceon her life estate, and he pleads none. He therefore; has no right of action against her, as to her life estate, and no question either legal or equitable can arise with reference thereto as to him. Mr. Houston, asks no relief on his mortgage and does not pray for-its foreclosure, or for an order to sell her life estate.. His mortgage not being due, he has the right to await its maturity as to her life estate, and the assignee can not force him to foreclose his mortgage upon the life-estate.
In legal effect this is an action by a surety, the assignee, to compel the principal, Mrs. Brock, to discharge the debt secured by the mortgage to Mr. Houston, but the probate court has no jurisdiction of such an action, and if it had, the action can only be brought, after the debt is due.
It is urged that there was a merger of the life estate and remainder by reason of both joining in the-mortgage, but that could not work a merger in favor-of the assignee. He stands in the shoes of the remainderman, and not in the shoes of the mortgagee..
It is also urged that, as both are liable to Mr. Houston for the same debt, one as principal and the other as surety, it is necessary in this action to order the debt paid, and that Mrs. Brock is therefore a party in interest. That argument is not sound. As the probate court has no jurisdiction to sell her life estate, *303 and has no jurisdiction to compel her. as principal to discharge her debt so as to save the surety, it has no jurisdiction to order the debt paid in so far as concerns Mrs. Brock; and the distribution of the proceeds of the sale of the estate in remainder, even though it should all go to Mr. Houston on his mortgage, does not concern Mrs. Brock, and she has no interest therein, and is not a proper party thereto.
When it is conceded, as it must be, that her life estate is not connected in privity or estate with his remainder, and that the assignee stands in the shoes of his assignor, and that the rights of the mortgagee do not inure to the assignee, it becomes clear that the probate court has no power to order a sale of her life estate upon the petition of the assignee.
It is urged that a sale of both estates together will produce more money for the creditors, and also for the mortgagee, than separate sales, and that, therefore, the probate court has jurisdiction to order the sale of both. This argument is not sound. As to the mortgagee, it is sufficient to say that he is not asking a sale of both estates under his mortgage, and there is no statute authorizing the assignee or the probate court to control his actions in this regard. He is of age and free to use his rights under his mortgage as he sees fit. If the assignee had a lien upon the life estate, he might then force a sale free of Mr. Houston’s mortgage, and compel him to look to the proceeds of such sale for payment, but the assignee has no lien on the life estate, and, therefore, can not force the sale thereof.
As to the creditors it is enough to say that they can not claim more than the proceeds of the sale of the estate conveyed by the deed of assignment. It often occurs that the sale of two separate adjoining pieces *304 of real estate as one property, would produce much more than a separate sale of each, but that fact does not authorize the probate court to order a sale of both, upon the petition of the assignee of the owner of one of them. To so order would be in conflict with the rights of private property, and it is beyond the power of the general assembly to authorize such an order.
The probate court was right in its judgment, and the judgment of the circuit court, and of the court of common pleas will be reversed, and that of the probate court affirmed.

Judgment reversed.